**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DAVID A. ZIEMBA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:10-CV-02781-RWS |
| AMERICAN HOME : | |
| MORTGAGE SERVICING, INC., : | |
| OPTION ONE CORPORATION, : | |
| HOMEBANC MORTGAGE : | |
| CORPORATION, SECURITY | |
| CONNECTIONS, INC., | |
| MCCURDY & CANDLER, LLC, | |
| DOES 1-10, | |
| | |
| Defendants. | |

**ORDER**

This case comes before the Court on Plaintiff's Motion for Preliminary Injunction [2] and Plaintiff's Motion to Remand to State Court [3]. After reviewing the record, the Court enters the following Order.

**Background**[1]

Plaintiff David Ziemba ("Plaintiff") obtained a refinance loan from and executed a security deed and promissory note to Defendant Homebanc

---

[1] The Court makes no findings as to the facts stated herein, which are taken from Plaintiff's Complaint [2].

AO 72A
(Rev.8/82)

Mortgage Corporation ("Homebanc") on March 2, 2007 for the subject residential property located at 3378 Misty Valley Road, Decatur, Georgia 30032. (Compl. ¶¶ 9, 11.) On August 7, 2007, HomeBanc Mortgage Corporation filed for bankruptcy protection pursuant to Chapter 11. (Compl. ¶ 12.) On July 17, 2010, Defendants American Home Mortgage Servicing, Inc. ("AHMSI"), Security Connections, Inc. ("SCI"), and McCurdy & Candler, LLC ("McCurdy") recorded in the property records of DeKalb County, Georgia a "Corporate Assignment" purporting to assign Homebanc's interest in the subject property to AHMSI. (Compl. ¶ 44.)

On July 30, 2010, Defendants commenced foreclosure proceedings and provided Plaintiff a Notice of Default and Notice of Sale under Power. (Compl. ¶ 16.) Plaintiff subsequently filed the above-captioned suit seeking, *inter alia*, injunctive relief to prevent Defendant from further proceeding with the foreclosure auction until the instant action is resolved.

## Discussion

**I.    Motion to Remand**

Plaintiff filed the original complaint in the Superior Court of DeKalb County, Georgia alleging that Defendants violated the provisions of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, the Fair Debt Collection Practices Act,

15 U.S.C. § 1692 *et seq.*, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, as well as pendent state law causes of action. Defendants properly removed the action to the Northern District of Georgia on September 2, 2010, asserting federal question jurisdiction. (Notice of Removal [1].) Plaintiff now requests that the Court remand the case back to the Superior Court of DeKalb County.

Two grounds for remanding a removed case are specified under section 1447(c): (1) lack of subject matter jurisdiction, or (2) a procedural defect in the removal of the case. See Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1043 (11th. Cir 2001). Such a procedural defect results from the failure to comply with the express statutory requirements for removal specified in § 1446 (e.g., filing requirements, timeliness of removal, unanimity requirement). See id.; Snapper, Inc. v. Redan, 171 F.3d 1249, 1253 (11th Cir. 1999).

Plaintiff does not assert lack of subject matter jurisdiction, but instead seeks remand on the basis of a procedural defect. Plaintiff argues that removal was procedurally defective because the notice of removal provided to the Superior Court of DeKalb County erroneously indicates that the underlying action was filed in the Superior Court of Gwinnett County. (Brief in Support of Motion to Remand [3] at 9.) Plaintiff also asserts as a ground for removal that

Defendants' removal proceeding was intended to deprive Plaintiff of the opportunity to seek equitable relief in state court.  (Id. at 10.)  Neither of these contentions describes a failure to comply with the procedural mandates of 28 U.S.C. § 1446.  Therefore, the Court finds no basis for remanding this action to the Superior Court of DeKalb County.

## II.     Plaintiff's Motion for a Preliminary Injunction

Plaintiff seeks a preliminary injunction to prevent a foreclosure on his property.  "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four prerequisites," specifically: (1) that there is a substantial likelihood that the movant will ultimately prevail on the merits; (2) that movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest.  U.S. v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983).

Accepting Plaintiff's assertion of facts in the complaint as true, and construing the reasonable inferences therefrom in the light most favorable to Plaintiff, the Court finds that Plaintiff has established a sufficient likelihood of

4

success on the merits.  Plaintiff alleges that Defendant AHMSI lacks the requisite legal standing to institute or maintain foreclosure on the subject property, and further asserts that the instrument assigning Defendant Homebanc's interest in the property to Defendant AHMSI was fraudulently manufactured.  (Compl. ¶¶ 75, 83.)

Under Fed. R. Civ. Proc. 9(b), "a party must state with particularity the circumstances constituting fraud or mistake."  The rule is satisfied if

> the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud.

U.S. ex rel. Clausen v. Laboratory Corp. of Am., Inc., 290 F.3d 1301, 1310 (11th Cir. 2002).

Here, Plaintiff has alleged that the assignment of July 17, 2010, executed in DeKalb County, Georgia, contained signatures from Melanie Hanson, listed as the Assistant Vice President of AHMSI, and Melissa Hively, listed as the Vice President of AHMSI.  (Compl. ¶¶ 44-45.)  Plaintiff further alleges that

5

neither signatory has ever been employed by AHMSI, and that there is no evidence of any authority for these individuals to sign as officers of AHMSI. (Compl. ¶ 45.)    As such, Plaintiff alleges that the assignment is fraudulent and therefore ineffective.  As a consequence of this fraud, Defendants seek to foreclose upon the subject property without authority to do so.  Defendants have offered no rebuttal to these allegations, relying instead on a blanket assertion that Plaintiff has failed to comply with the pleading requirements of Rule 9(b). (Defendants' Response in Opposition to Plaintiff's Motion for Preliminary Injunction [4] at 9-10.)  Thus, these allegations, taken as true, present a substantial likelihood of success on Plaintiff's fraud claim.

Based upon the current record, the remaining prerequisites are easily satisfied, as the balance of equities favors the grant of injunctive relief.  With regard to Plaintiff's irreparable harm, the loss of a home is a grievous injury.  In contrast, Defendants lose nothing by preserving the status quo, particularly given the Court's order below requiring Plaintiff to pay the full amount past due under the promissory note as security during the pendency of this injunction. Furthermore, the public interest is served by ensuring that foreclosure sales occur only when the parties commencing such proceedings have the requisite standing to do so.

6

AO 72A
(Rev.8/82)

Accordingly, Defendants are hereby enjoined from foreclosing the subject residential property located at 3378 Misty Valley Road, Decatur, Georgia 30032.  In addition, Federal Rule of Civil Procedure 65(c) addresses security upon issuance of a preliminary injunction and requires "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."   Pursuant to this rule, the Court orders Plaintiff to tender $23,647.92 into the Court's registry as security for the requested injunction, which represents Plaintiff's past due amount.

## Conclusion

For the aforementioned reasons, Plaintiff's Motion for Preliminary Injunction [2] is **GRANTED**.  Upon payment by Plaintiff of $23,647.92 into the registry of the Court, Defendants shall be enjoined from proceeding with foreclosure on the subject property until further order of the Court.  Plaintiff's Motion to Remand to State Court [3] is **DENIED**.

**SO ORDERED**, this   15th   day of November, 2010.

_____
**RICHARD W. STORY**
United States District Judge

7

AO 72A
(Rev.8/82)