**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DAVID A. ZIEMBA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:10-CV-02781-RWS |
| AMERICAN HOME : | |
| MORTGAGE SERVICING, INC., : | |
| OPTION ONE CORPORATION, : | |
| HOMEBANC MORTGAGE : | |
| CORPORATION, SECURITY : | |
| CONNECTIONS, INC., and : | |
| DOES 1-10, : | |
| : | |
| Defendants. : | |

**ORDER**

Plaintiff David Ziemba ("Ziemba") filed this action in the Superior Court of DeKalb County, Georgia seeking to quiet claims against his title, as well as emergency injunctive and declaratory relief, a stay of an imminent foreclosure sale of his property, and compensatory and punitive damages. Defendants removed the case to this Court and the Court granted Plaintiff's Motion for Preliminary Injunction [9]. Now the Court considers Defendants' Motion for Summary Judgment [16], Defendants' Motion to Set Aside Order/Judgment/Motion to Dissolve, or in the Alternative, Motion to Modify

Injunction [11] pursuant to this Court's Order of November 15, 2010 [9]; and Motion to Withdraw or Amend Deemed Admissions [18]. After reviewing the record and considering the arguments of the parties, the Court enters the following Order.

## Background

Plaintiff David Ziemba executed and delivered a Promissory Note ("Note") originally worth $129,750.00 to Homebanc Mortgage on March 2, 2007. (Dkt. [16-3] at ¶ 1). The Note's proceeds satisfied other debts and loans by Plaintiff and obligated Plaintiff to make monthly payments of principal and interest. Id. at ¶¶ 2-3. In exchange for the Note, Plaintiff conveyed a Security Deed for the real property located at 3378 Misty Valley Road, Decatur, Georgia 30032. Id. at ¶ 5. The Security Deed, recorded on March 20, 2007, gives the power of sale to the holder of the instrument. Id. at ¶¶ 6-7. Plaintiff did not make any monthly mortgage payments on the Note from January 2009 until the time the house was sold at foreclosure on September 7, 2010. Id. at ¶¶ 16-20, 31.  Such a failure to make mortgage payments is grounds for default in the language of the Note. Id. Defendants notified the Plaintiff of the September 7, 2011 foreclosure sale after notifying Plaintiff on July 30, 2010 that McCurdy and Candler, LLC would be acting as creditor. Id. at ¶¶ 27-29. Plaintiff filed its

complaint in the Superior Court of DeKalb County on September 2, 2010 and Defendants immediately removed the case to this Court. (Dkt. [1-1]). The real property was sold on September 7, 2010. (Dkt. [16-3] at ¶ 31).

## I. Plaintiff's Motion to Withdraw or Amend Deemed Admissions

Plaintiff asks the Court to allow him to withdraw and/or amend his deemed admissions. Defendants served requests for admission upon Plaintiff's Counsel on December 14, 2010 and Plaintiff did not respond. (Dkt. [18-1] at ¶¶ 3-4). Pursuant to Federal Rule of Civil Procedure 36 "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a). Plaintiff did not respond to the motions to admit in a timely manner, thus admitting the contents of Defendants' requests. Further, Plaintiff's Motion to Withdraw/Amend [18] was not filed until April 15, three months after the deadline to respond to the requests for admission. Plaintiff has not presented any good cause or rebutted Defendant's assertions of prejudice, for which the admissions should be withdrawn or amended. Plaintiff's Motion to Withdraw/Amend [18] is **DENIED**.

**II.     Motion for Summary Judgment**

  **A.     Standard of review**

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56©.  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248.  A fact is not material if a dispute over that fact will not affect the outcome

4

of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56©, the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

Plaintiff's Complaint includes the following claims against Defendants: violation of the Fair Debt Collection Practice Act (FDCPA); violation of the Truth in Lending Act (TILA); violation of the Real Estate Settlement

5

Procedures Act (RESPA); slander of title; defamation; tortious interference with contract; fraud; and wrongful foreclosure. Defendants must show that there is no genuine issue of material fact for each of Plaintiff's claims in order for the Court to grant Defendants' Motion. The Court will address each claim in turn.

### B.     FDCPA

Plaintiff claims that Defendants, acting as debt collectors, have willfully violated the FDCPA, 15 U.S.C. § 1692(g). (Dkt. [1-1] at ¶¶ 87-88). However, there is no genuine issue of material fact as to whether Defendants were debt collectors.  The Eleventh Circuit has held that "the plain language of the FDCPA supports the ... conclusion that foreclosing on a security interest is not debt collection activity for purposes of § 1692(g). Indeed, the statute specifically says that a person in the business of enforcing security interests is a 'debt collector' for the purposes of § 1692f(6), which reasonably suggests that such a person is not a debt collector for purposes of the other sections of the Act." Warren v. Countrywide Home Loans, Inc., 342 F. App'x. 458, 460 (11th Cir. 2009). Following Plaintiff's admissions that he defaulted in paying the Note and that Defendants were creditors and servicers of the Note, Defendants are not, as a matter of law, debt collectors under § 1692(g). (Dkt. [16-3] ¶¶ 20,

6

26-29, 41-43).  Defendants' Motion for Summary Judgment as to Plaintiff's FDCPA claim is **GRANTED**.

### C.   TILA

In Plaintiff's prayer for relief, Plaintiff requests that the Court allow "Rescission under the Truth in Lending Statutes for Truth in Lending Violations and that the Defendants, jointly and severally be required to pay damages for Truth in Lending Violations." (Dkt. [1-1] p. 30).There is no material issue as to when the loan transaction occurred (March 2, 2007) and the date that Plaintiff filed the action (September 2, 2010). (Dkt. [1-1] pp. 1, 4). As to Plaintiff's prayer for rescission, the TILA states "[an] obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C.A. § 1635(f). Moreover, regarding Plaintiff's request for damages under the TILA, "[t]o bring an affirmative action against a creditor for statutory damages, the debtor must bring the action within one year from the date of the occurrence of the violation [under] 15 U.S.C. § 1640(e).... The violation occurs when the transaction is consummated." In re Smith, 737 F.2d 1549, 1552 (11th Cir. 1984). Plaintiff's TILA claims are barred by the applicable statute of limitations. Therefore,

7

Defendants' Motion for Summary Judgment as to Plaintiff's TILA claims is **GRANTED**.

### D. RESPA

In paragraphs 32-36 of its complaint, Plaintiff alleges that Defendant violated multiple sections of the RESPA in failing to respond to Plaintiff's written requests. (Dkt. [1-1]). However, beyond alleging that Defendants violated RESPA, nowhere in the complaint nor in the prayer for relief does Plaintiff allege injuries or request damages as a result of Defendants' RESPA violations. Moreover, Plaintiff has admitted that it sustained no pecuniary loss or damage as a result of Defendants' alleged RESPA violations. (Dkt. [16-3] ¶¶ 24-25). Because Plaintiff has not articulated or claimed any injury or damages resulting from Defendants' alleged RESPA violations, there is no need to inquire as to if there are genuine issues of material facts as the claims fail for insufficiency. See Frazile v. EMC Mortg. Co., 382 Fed. Appx. 833, 836 (11th Cir. 2010) (failing to allege actual damage from the nondisclosure of the assignment of the servicing of the loan is grounds for dismissal); McLean v. GMAC Mortg. Corp., 398 Fed. Appx. 467, 471-72 (11th Cir. 2010) (stating that while Plaintiffs can seek non-pecuniary damages under RESPA, they "must present specific evidence to establish a causal link between the financing

8

institution's violation and their injuries"). Defendants' Motion for Summary Judgment as to Plaintiff's RESPA claims is **GRANTED**.

### E. Slander of Title and Defamation

Plaintiff claims that Defendants have "caused a fraudulent document to be placed upon the Property Records of DeKalb County which... slanders the Title" and also requests that the defendants "jointly and severally be required to pay damages for libel to Plaintiff's credit." (Dkt. [1-1] at pp. 26, 29).

A cause of action for defamation has four elements: "'(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm.'" Infinite Energy, Inc . v. Pardue, No. A11A0293, 2011 WL 2571917 at *1 (Ga. Ct. App. June 30, 2011) (quoting Mathis v. Cannon, 573 S.E.2d 376, 380 (Ga. 2002)). Libel, on the other hand,

> "is a false and malicious defamation of another, expressed in print [or] writing, … tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule." O.C.G.A. § 51-5-1(a) . For a plaintiff to recover for libel, the libelous matter must be published, which happens 'as soon as it is communicated to any person other than the party libeled." O.C.G.A. §§ 51-5-1(b). To be slander per se, the words are those which are recognized as injurious on their face—without the aid of extrinsic proof.

9

Gordon Document Prods., Inc. v. Serv. Techs., Inc., 708 S.E.2d 48, 57 (Ga. Ct. App. 2011). Furthermore, "'[t]he definition of slander in Georgia has been incorporated into the definition of libel.'" Lucas v. Cranshaw, 659 S.E.2d 612, 616 (Ga. Ct. App. 2008 ) (alteration in original) (quoting Hayes v. Irwin, 541 F. Supp. 397, 431 n.34 (N.D. Ga. 1982)).

Not only has Plaintiff failed to establish Pardue elements 3 and 4 of a defamation cause of action, but Plaintiff has also failed to adequately state that the "false and malicious nature" of what Defendant published or that the words are "injurious on their face," which would demonstrate actionability irrespective of special harm. Moreover, paragraph 33 of Plaintiffs' admissions state that "Defendants, nor their agents, published nor caused to be published any slanderous or libelous words regarding the Note, the Security Deed, the Property, the borrower, and/or any issues raised in this action." (Dkt. [16-3] at ¶¶ 33, 34). Even viewing the Complaint in a manner most favorable to Plaintiff, there is no material issue as to the facts of this claim. Therefore, Defendants' Motion for Summary Judgment as to Plaintiff's slander and defamation claims is **GRANTED**.

**F.     Fraud**

In Count III of his Complaint, Plaintiff, in addition to other allegations, alleges that Defendants committed fraud by creating fraudulent assignments and refusing to properly credit Plaintiff's payments. (Dkt. [1-1] at p. 24). Complaints that allege fraud must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that, in alleging fraud, the circumstances constituting fraud must be stated with particularity.

> A complaint satisfies Rule 9(b) if it sets forth precisely what statements or omissions were made in what documents or oral representations, who made the statements, the time and place of the statements, the content of the statements and manner in which they misled the plaintiff, and what benefit the defendant gained as a consequence of the fraud.

In re Theragenics Corp. Sec. Litig., 105 F. Supp. 2d 1342, 1347 (N.D. Ga. 2000) (citing Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)). Further, in order to state a fraud claim under Georgia law, Plaintiffs must satisfy five elements:

> (1) that the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them intending to deceive the plaintiff; (4) that the plaintiff justifiably relied on the representations; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made.

Parrish v. Jackson W. Jones, P.C., 629 S.E.2d 468, 471 (Ga. Ct. App. 2006).

AO 72A
(Rev.8/82)

Plaintiff's Complaint fails to state a claim for fraud with particularity and does not allege all five elements required for a fraud claim under Georgia law. Further, Plaintiff's admissions that he suffered no loss or damage as a result of Defendants' alleged failure to respond, that all Defendants notified him as to their role, and that Defendants did not act with malice or intent to injure leave no genuine issue of material fact as Plaintiff's claim for fraud. (Dkt. [16-2] at ¶¶ 24, 25, 28, 29, 32, 34, 35, 39-43). Defendants' Motion for Summary Judgment as to Plaintiff's fraud claim is **GRANTED**.

### G.   Tortious Interference

Plaintiff states in Count VI that he has been in contact with interested buyers, however, Defendants' alleged refusal to identify the note holder, failure to give Plaintiff proper credit for the amount paid, and fraudulent creation of assignments, has tortiously interfered with his ability to contract. (Dkt. [1-1] pp. 26-27). To prove a claim for tortious interference with contract or property rights under Georgia law, a plaintiff must show the defendant "(1) acted improperly without privilege, (2) purposely and with malice with intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with [Plaintiff], and (4) for which [Plaintiff] suffered some financial injury." Beeson v. Crouch, 490 S.E.2d 118, 123 (1997).  Plaintiff's

12

complaint, subsequent exhibits, and admissions that Defendants never acted with malice or intent to injure and Plaintiff never notified Defendants of third parties interested in the property, leave no genuine issue of material facts as to Plaintiff's tortious interference claim. (Dkt. [16-3] at ¶¶ 34, 36). Defendants' Motion for Summary Judgment as to Plaintiff's tortious interference claim is **GRANTED**.

### H.    Wrongful Foreclosure

The Court agrees with Defendants' characterization of the remainder of Plaintiff's Complaint as collectively resembling a wrongful foreclosure claim. (Dkt. [1-1] at pp. 12-18, 26).  Throughout his complaint, Plaintiff states that Defendants lack standing to foreclose, that Defendants failed to comply with Georgia law in regards to notice, and there was an incorrect and/or fraudulent assignment. (Dkt. [1-1] at ¶¶ 39, 42-45). To recover for wrongful foreclosure under Georgia law, a plaintiff must establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach and the injury sustained, and damages. Heritage Creek Dev. v. Colonial Bank, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004).  Plaintiff has failed to establish these elements and, in light of Plaintiff's admission that he defaulted on the Note, there is no material issue of fact as to Plaintiff's allegations. (Dkt. [16-3] at ¶¶

13

16-20). Defendants' Motion for Summary Judgment as to Plaintiff's wrongful foreclosure claims is **GRANTED**.

### III.  Motion to Dissolve/Modify Injunction

Defendants' Motion [11] to Dissolve/Modify the Court's order [9] granting a preliminary injunction is now moot. The preliminary injunction is dissolved by the Court's grant of Defendant's Motion for Summary Judgment as to all of Plaintiff's claims.  Defendants' Motion to Dissolve/Modify [11] is **DENIED as moot**.

### IV.  Conclusion

For the reasons stated above, Plaintiff's Motion to Withdraw or Amend Deemed Admissions [18] is **DENIED**, Defendants' Motion for Summary Judgment [16] is **GRANTED** and Defendants' Motion [11] to Set Aside Order/Judgment/Motion to Dissolve, or in the Alternative, Motion to Modify Injunction [9] is **DENIED as moot**.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this   4th   day of August, 2011.

_____
**RICHARD W. STORY**
United States District Judge

14